# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOE SCALIA, et al.,<br><br>    Defendants. | Case No. 1:14-cv-02015-SAB-PC<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST HIS AVAILABLE ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's second amended complaint, filed March 21, 2016.

## I.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Corcoran, brings this action against correctional officials employed by the CDCR at CSP Corcoran. Plaintiff names as Defendants Correctional Officer (C/O) Joe Scalia and C/O M. Huerta.

Plaintiff alleges that on December 31, 2014, at 8:30 a.m., Defendant Scalia pounded on Plaintiff's cell door, yelling at Plaintiff. Plaintiff alleges that Defendant Scalia was angry about a lawsuit and administrative appeal that Plaintiff filed regarding Defendant Scalia. Plaintiff was engaging in Islamic prayer. Defendant Scalia continued to pound on the door, yelling at Plaintiff to stop praying and subjected Plaintiff to racial slurs.

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on January 8, 2015. (ECF No. 6.)

1

1    Plaintiff alleges that on the same day at 11:44 a.m., Defendants Scalia and Huerta ordered him to back out of the shower.  Defendant Scalia ordered Plaintiff to walk to his cell (cell 201). Plaintiff proceeded to walk towards his cell.  Plaintiff alleges that at cell 202, Scalia said "dump him." (ECF No. 15, p. 4.)   Plaintiff alleges that Huerta "applied his approximately 260 pounds into Plaintiff's back."  (Id.)  Plaintiff was forced head first into the concrete wall.  Defendant Scalia grabbed Plaintiff's right leg and pulled it out from underneath him, causing Plaintiff to fall to the ground.   Plaintiff alleges that about 30 seconds later, Defendant Scalia lifted his head by the hair and "pounded it into the ground/floor." (Id., p. 5.)   Plaintiff alleges that Scalia did this ten times.

## II.

## DISCUSSION

### A.    Exhaustion of Administrative Remedies

Plaintiff filed his second amended complaint using a form for a civil rights complaint pursuant to 42 U.S.C. §1983.   In both the original complaint and first amended complaint, Plaintiff indicated that he exhausted his available administrative remedies, but did not indicate when he did so.  In the second amended complaint, Plaintiff alleges that he filed a grievance concerning all of the facts contained in the second amended complaint, that the process is complete, and that it was completed on August 18, 2015.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).   Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Prisoners are required to exhaust before bringing suit and the unavailability of damages

1 through the prison's appeals process does not relieve them from compliance with the statutory
2 exhaustion requirement. Booth, 532 U.S. at 741. From the face of Plaintiff's complaint, it
3 appears clear that Plaintiff filed suit prematurely and in such instances, the case may be
4 dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where failure to
5 exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim
6 under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's
7 concession to nonexhaustion is a valid ground for dismissal . . . . ") (overruled on other grounds
8 by Albino, 747 F.3d at 1168-69; see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014)
9 ("Dismissal for failure to state a claim under §1915A 'incorporates the familiar standard applied
10 in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'")
11 (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). Plaintiff alleges that he did
12 not exhaust his available administrative remedies until August 18, 2015. This action was
13 initiated by civil complaint filed on December 18, 2014. (ECF No. 1.)[2]  Therefore, Plaintiff shall
14 show cause why this action should not be dismissed, with prejudice, for failure to exhaust
15 administrative remedies prior to filing suit.

16    Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause, within thirty
17 days of the date of service of this order, why this action should not be dismissed for Plaintiff's
18 failure to exhaust available administrative remedies prior to filing suit.

19
20 IT IS SO ORDERED.

21 Dated:   **August 31, 2016**

                                            UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that in the original complaint, Plaintiff set forth numerous causes of action. Plaintiff did not specify when his allegations of excessive force occurred. Because the conduct at issue in the second amended complaint occurred after the filing of the original complaint, Plaintiff could not have exhausted his administrative remedies prior to filing suit.