1

2

3

4

5

6

7

8

9

10           **UNITED STATES DISTRICT COURT**

11           **EASTERN DISTRICT OF CALIFORNIA**

12

13   LARRY WILLIAM CORTINAS,              )   Case No.: 1:14-cv-02015-SAB (PC)
                                          )
14              Plaintiff,                )   ORDER DENYING MOTION FOR LEAVE TO
                                          )   AMEND SECOND AMENDED COMPLAINT
15        v.                              )
                                          )   ORDER DISMISSING ACTION, WITHOUT
16   M. HUERTA, et al.,                   )   PREJUDICE, FOR PLAINTIFF'S FAILURE  TO
                                          )   EXHAUST HIS ADMINISTRATIVE REMEDIES
17              Defendants.               )
                                          )   [ECF Nos. 16, 18]
18                                        )
                                          )
19   _____)

20        Plaintiff Larry William Cortinas is appearing pro se and in forma pauperis in this civil rights

21   action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to magistrate judge jurisdiction. (ECF No. 6.)

22        Currently before the Court is Plaintiff's response to the Court's order to show cause, filed on

23   September 19, 2016 (ECF No. 17), and Plaintiff's motion for leave to amend his second amended

24   complaint, filed on September 26, 2016 (ECF No. 18).

25                                        **I.**

26                                  **BACKGROUND**

27        Plaintiff initiated this action by filing a complaint on December 18, 2014. (ECF No. 1.) The

28   original complaint alleged a number of different, unrelated claims regarding events spanning several

                                          1

years. On November 10, 2015, the Court screened Plaintiff's complaint, and dismissed it with leave to amend. (ECF No. 8.) Plaintiff was instructed to amend only those claims that he believed, in good faith, were viable and properly joined in a single action. (Id. at p. 8.)

On December 9, 2015, Plaintiff filed a first amended complaint. (ECF No. 10.) That first amended complaint concerned Plaintiff's allegations of excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment, arising out of events from December 31, 2014 through August 14, 2015. On January 20, 2016, the Court screened Plaintiff's first amended complaint. (ECF No. 12.) The Court found that Plaintiff's first amended complaint stated a claim against Defendants Huerta and Scalia for excessive force in violation of the Eighth Amendment arising out of alleged events on December 31, 2014, but stated no other cognizable claim. (Id. at p. 6.) Plaintiff was ordered to either file a second amended complaint to attempt to cure the deficiencies identified by the Court in that order, or to notify the Court of his willingness to proceed only on the cognizable claims in the first amended complaint. (Id.)

On March 21, 2016, Plaintiff filed a second amended complaint, on an extension of time. (ECF No. 15.) This complaint concerned only the alleged December 31, 2014 uses of force by Defendants Huerta and Scalia.

In both Plaintiff's original complaint and first amended complaint, Plaintiff indicated that he had exhausted his available administrative remedies, but did not indicate when he did so. In the second amended complaint, Plaintiff alleged that he filed a grievance concerning all of the facts contained in the second amended complaint, and that the administrative process was completed on August 18, 2015, after this action was commenced. Accordingly, on August 31, 2016, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to exhaust the administrative remedies prior to commencing suit here. (ECF No. 16.)

Plaintiff filed a response to the order to show cause on September 19, 2016. (ECF No. 17.) Plaintiff also filed a motion to amend the second amended complaint, on September 26, 2016. (ECF No. 18.) On January 27, 2017, Plaintiff lodged a proposed third amended complaint. (ECF No. 19.)

///

///

## II.

### DISCUSSION

#### A.    Order to Show Cause

In Plaintiff's response to the order to show cause, he acknowledges that the events he complains about occurred before he filed his original complaint, and he seeks leave to file a separate civil action regarding the alleged uses of force. He also seeks leave to amend his complaint, stating that he forgot to leave in a portion of his original complaint that was integral. (ECF No. 17.)

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002). Exhaustion, if feasible, should be decided before reaching the merits of a prisoner's claim. Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).

This is one of those rare cases where a failure to exhaust administrative remedies is clear on the face of the complaint. As stated in the order to show cause, Plaintiff indicates in his second amended complaint that the grievance process concerning the excessive force claim raised in this action was not completed until August 18, 2015, after this action was initiated. Further, he does not dispute this fact in his response to the order to show cause.  Instead, Plaintiff contends that he brought this action in error, and requests leave to file a separate suit.[1]

Accordingly, dismissal of this action, without prejudice, for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit is warranted.

---

[1] The Court notes that after filing his response, Plaintiff has in fact already filed a new lawsuit concerning these excessive force allegations. See Cortinas v. Huerta, et al., No. 1:17-cv-00130-GSA (E.D. Cal. Jan. 30, 2017.) See also Fed. R. of Evid. 201 (court may take judicial notice of publically-available federal dockets and filings).

**B.** **Motion For Leave to Amend**

As noted above, Plaintiff's response to the order to show cause also discussed that he would seek further leave to amend his complaint. In his separate motion for leave to amend, Plaintiff states that he had previously amended his complaint, which lead to the exhaustion issue, but that he made an error, and misunderstood what happened to the previous complaint's information. He seeks leave to amend to assert new allegations.

Plaintiff has also lodged a proposed third amended complaint, which concerns events at California State Prison, Cocoran, and names as Defendants Correctional Officer Joe Scalia, Correctional Lieutenant R. Ruiz, and Correctional Sergeant A. Randolph, who are employed there. In summary, the third amended complaint alleges that from August 13, 2013 until September 2015, Plaintiff was forced to breathe in dusty air that contained Valley Fever spores, and that he has suffered rashes, sores, a nose full of mucus, and weaker vision. Plaintiff further alleges that he advised Officer Scalia, Lieutenant Ruiz, and Sergeant Randolph about dust build-up on mental health interview cages, but his complaints were ignored, and that he was treated repeatedly for illness caused by the dusty air.

Plaintiff's original complaint brought allegations of exposure to dust and dirt containing fungal spores that cause Valley Fever, exposure to dirty treatment cages in the mental health unit of the medical clinic, and symptoms such as sinus infections, skin rashes, and weakened eyesight. The relevant Eighth Amendment standards to state a claim for deliberate indifference to serious medical needs or based upon unconstitutional conditions of confinement, were provided to Plaintiff in the Court's November 10, 2015 screening order. An explanation was also provided to Plaintiff of the reasons why he failed to state any claim based on his allegations.

Likewise, Plaintiff's proposed third amended complaint does not state any claim against Officer Scalia, Lieutenant Ruiz, or Sergeant Randolph for any violation of the Eighth Amendment, even when liberally construed. Plaintiff has not demonstrated any substantial risk of serious harm based on his exposure to dusty air or dusty interview cages merely by stating, in a conclusory fashion, that the dust and air contains Valley Fever spores. Plaintiff's allegations that his complaints to the prison officials about the dust-build up were ignored does not sufficiently demonstrate any knowing disregard to any excessive harm. Also, although Plaintiff complains of some health issues, he also

alleges that he is receiving treatment. Plaintiff has not sufficiently allege a connection between the health issues and the dusty air or dusty cage exposure, nor any facts showing that he has any serious medical needs which are being disregarded.

Plaintiff was granted an opportunity to amend his original complaint to address these deficiencies in his Eighth Amendment conditions of confinement and deliberate indifference claims. In this proposed third amended complaint, he has again failed to state a claim on this basis. Thus, the Court does not find it appropriate to grant leave to amend here. See Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 881 (9th Cir. 1999) (amendment should not be permitted where it will not save the complaint, or the plaintiff seeks to prolong the litigation by adding new but baseless legal theories).

Furthermore, Plaintiff was also warned about attempts to bring unrelated claims in a single action. Plaintiff appeared to understand and to heed that warning in amending his original complaint to only attempt to bring claims regarding the alleged December 31, 2014 uses of force by Defendants Huerta and Scalia, discussed above. Now that those claims are being dismissed without prejudice, it appears Plaintiff is attempting to revive previously abandoned, unrelated claims.

Although the Court is cognizant of Plaintiff's status as a layman and pro se litigant, Plaintiff was also previously instructed that he may not proceed as he is attempting to proceed here. The Court cannot allow Plaintiff to change the nature of this suit by adding new, unrelated claims in an amended complaint merely because the claims he previously chose to pursue have been dismissed. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

### III.

### CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for leave to amend his second amended complaint, filed September 26, 2016 (ECF No. 18), is DENIED;

2.      This action is dismissed, without prejudice, for Plaintiff's failure to exhaust his available administrative remedies; and

///

///

5

1        3.     The Clerk of the Court is respectfully directed to terminate any pending motions or

2   deadlines, and close this case.

3

4   IT IS SO ORDERED.

5   Dated:    **March 29, 2017**                                  

6                                   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28